**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IVAN D. FOSTER, | : | |
| | | Civil Action No. 07-5264 (RMB) |
| Petitioner, | : | |
| | | |
| v. | : | **O P I N I O N** |
| | | |
| ERIC TAYLOR, et al., | : | |
| | | |
| Respondents. | : | |

**APPEARANCES:**

Ivan D. Foster, Petitioner pro se
#192001
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08101

**BUMB**, District Judge

Petitioner Ivan D. Foster, a pre-trial detainee currently confined at Camden County Correctional Facility, has submitted a Petition for a writ of habeas corpus[1] and an application for leave to proceed in forma pauperis. The respondents are warden Eric Taylor, and the Attorney General of New Jersey.

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ at this time,

---

[1] Although Petitioner is presently in custody pursuant to a state warrant, this Court's jurisdiction to entertain his Petition arises under § 2241, pertaining to persons in custody in violation of the Constitution or laws or treaties of the United States.  See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).

the Court will dismiss the Petition without prejudice. See 28 U.S.C. § 2243.[2]

## BACKGROUND

Plaintiff states that he was arrested on July 5, 2007, pursuant to a warrant that was issued without probable cause. He has been held over 3 months and has had only one bail reduction hearing, which was denied. He is being held on a $75,000, no ten-percent bail.

Petitioner requests bail due to the extraordinary circumstance that he has a left ear infection that requires surgery. He asserts that if he does not have the surgery, he may lose his hearing. He cites Landano v. Rafferty, 970 F.2d 1230 (3d Cir. 1992), for support of his argument that he should be released.

## ANALYSIS

First, this Court notes that the case cited by Petitioner, Landano v. Rafferty, refers to bail during the pendency of a federal habeas petition. Petitioner in this case seeks bail

---

[2] United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

pending his state court proceedings, as he has not yet been convicted.

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

(1) federal courts have "pre-trial" habeas corpus jurisdiction;

(2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;

(3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore, 515 F.2d at 443.

Here, Petitioner alleges that he is in need of medical care, which would qualify as an "extraordinary circumstance" that would justify this Court's exercising its jurisdiction to provide pre-trial habeas relief without exhaustion of state remedies. However, this Court disagrees.

First, Petitioner should note that the jail is required to provide him medical care during his pretrial detainment. See Bell v. Wolfish, 441 U.S. 520 (1979)(pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment); Montgomery v. Ray, 145 Fed. Appx. 738 (3d Cir. 2005)(clarifying that pretrial detainees claims of inadequate medical treatment

3

are analyzed under the Bell standard of whether or not the inadequate treatment constitutes "punishment prior to an adjudication of guilt"). If the jail refuses to provide Petitioner with treatment, he has the option of filing with this District Court a civil complaint for relief. See, e.g., 42 U.S.C. § 1983.

Second, this Court notes that Petitioner was not denied bail, nor an opportunity to argue for a lesser bail. He was given an opportunity for bail; the fact that he cannot afford to pay the bail and was denied a reduction are state court matters, which the state court ruled upon after consideration of the arguments.

Third, this Court finds that Petitioner's medical problems are not the "extraordinary circumstances" envisioned by Moore to justify pretrial, pre-exhaustion habeas jurisdiction. As noted in Moore, it has been suggested that this type of jurisdiction may apply "in situations where jurisdiction is lacking for the state to bring any criminal charges against the petitioner." Moore, 515 F.2d at 447 (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 508 (1973)(Rehnquist, J, dissenting)). Moore also suggests that "invocation of the 'extraordinary circumstances' exception must bring into play the suggestion of an inability of the state forum to afford an adequate remedy at law."

In this case, it is clear that Petitioner simply asks this Court to overrule the state's bail determination, so that he can be released and receive medical care.  Principles of federalism and comity prevent this Court from doing so.  See Younger v. Harris, 401 U.S. 37 (1971) (stating that it is not generally the role of the federal courts to interfere in pending state criminal cases).

Finally, an argument that Petitioner's bail is excessive in violation of the Eighth Amendment may be brought under 42 U.S.C. § 1983.  However, courts are "unsettled" as to who would be liable in a civil rights action for damages for violating this right, as judges and prosecutors would generally be immune from suit, while law enforcement officers may be liable if he or she "'help[s] to shape' or 'exercis[es] significant influence over' the bail decision."  See James v. York County Police Dep't, 2004 WL 3331865 at *7 (M.D. Pa. Aug. 17, 2004)(unpubl.), aff'd, 160 Fed. Appx. 126, 133 (3d Cir. 2005), cert. denied, 127 S. Ct. 210 (2006)(quoting Wagenmann v. Adams, 829 F.2d 196, 211-212 (1st Cir. 1987))(other citations omitted).  The Court of Appeals for the Third Circuit affirmed the above-cited case, stating that in addition to the District Court's reasons for dismissing the excessive bail claims under § 1983, "in light of the state court's decision to deny a bail reduction, principles of federalism, comity, and judicial economy precluded review."

James v. York County Police Dep't, 160 Fed. Appx. 126, 133 (3d Cir. 2005).

## CONCLUSION

For the reasons set forth above, Petitioner is not entitled to habeas relief at this time. An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: November 26, 2007