**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

IVAN D. FOSTER,  :
                                   Civil Action No. 07-5264 (RMB)
      Petitioner,  :

      v.  :  **O P I N I O N**

ERIC TAYLOR, et al.,  :

      Respondents.  :

**APPEARANCES:**

Ivan D. Foster, Petitioner pro se
#192001
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08101

**BUMB**, District Judge

    This matter is before the Court on Petitioner's motions for reconsideration (docket entries 4, 6, and 7). For the following reasons, the motions will be denied.

### BACKGROUND

    On November 1, 2007, Petitioner filed a habeas petition alleging that he was arrested on July 5, 2007, pursuant to a warrant that was issued without probable cause. He argued that he had been held over three months and had only one bail reduction hearing, which was denied. He was being held on a $75,000, no ten-percent bail. Petitioner requested bail due to extraordinary medical circumstances.

On November 26, 2007, this Court issued an Opinion and Order dismissing the Petition (docket entries 2 and 3). On December 6, 2007, December 21, 2007, and January 4, 2008, Petitioner filed motions for reconsideration. On January 24, 2008, this Court ordered that this case be reopened to consider Petitioner's motions.

Petitioner files his motions under Federal Rule of Civil Procedure 60(b). He argues in his motions that he is being detained illegally. He asserts that he is not just seeking release pending his criminal trial, but that he is being held in violation of the Constitution. Petitioner states that he should have had a probable cause determination prior to being detained. Petitioner acknowledges that probable cause hearings were suspended in 1981, by Order of the New Jersey Supreme Court, due to the availability of post-indictment discovery.

## **DISCUSSION**

Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'"

Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances. See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle.

"[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

As stated in this Court's Opinion, challenges to state pretrial incarceration are properly brought in § 2241 petitions. See Paladino v. King, 247 Fed. Appx. 393, 394-95 (3d Cir. 2007). In his various motions, Petitioner alleges that he was arrested without probable cause and without a proper warrant. However, Petitioner offers no evidence that he has been indicted. Thus, he is still in early stages of his criminal litigation.

As suggested in this Court's Opinion, Petitioner has not exhausted his state court claims. Although he states that he has exhausted his state court remedies by applying for review by the state court but was denied (see Letter, docket entry 9), Petitioner has the opportunity to raise his claims post-indictment (in a motion to dismiss the indictment, if one is issued), and in pretrial hearings wherein he may assert that he was wrongfully arrested. Petitioner's bald conclusion that he is being illegally detained due to the fact that his arrest warrant was invalid has not been exhausted to all levels of the state

courts, as required in Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975) and Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).  Petitioner has had bail reduction hearings, and has been denied a probable cause hearing.  Petitioner does not assert that he has taken any of his claims to the appellate division or supreme court of the state.

Therefore, with regard to his Rule 60(b) motions, Petitioner has not demonstrated that he is entitled to relief from this Court's judgment of November 26, 2007.  He simply seeks to relitigate this Court's prior conclusions.  Thus, his motions will be denied.

## CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief under Federal Rule of Civil Procedure 60(b).  An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: February 21, 2008